UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

Drill Cutting Disposal Co. LLC                                    Civil Action No. 6:15-02532

versus                                                                        Judge Elizabeth E. Foote

Lynn et al                                                        Magistrate Judge Carol B. Whitehurst

**ORDER**

Currently pending before the undersigned, on referral from the district judge for ruling, is Defendants, Joseph Gutierrez ("Gutierrez") and Kyle Lynn's ("Lynn"), Motion to Transfer Venue To The Western District Of Texas, [Rec. Doc. 22], Plaintiff, Drill Cuttings Disposal Company LLC's ("DCDC") Opposition [Rec. Doc. 24], and Defendants' Reply thereto [Rec. Doc. 29]. After considering the applicable law, the written submissions and arguments of the parties, and for the following reasons, the motion is granted.

*Factual and Procedural Background*

On January 7, 2014, Gutierrez filed a collective action against DCDC in the Western District of Texas, San Antonio Division, Civil Action No. 5:14-cv-00017,[1] alleging that DCDC failed to pay its employees, including Gutierrez and Lynn, overtime pay as required by the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA"). *WDT 1*. Lynn later entered the lawsuit as a plaintiff. On January 29, 2014, DCDC filed a motion to compel arbitration under the Federal Arbitration Act ("FAA"), "as required by the agreements executed by each of the plaintiffs." *WDT 29; R. 6-4*. On February 17, 2014, the Plaintiffs filed a consent to arbitrate. *WDT 32, 33*. The district court entered an Agreed Order Compelling Arbitration on February 23, 2014, and dismissed the case with prejudice except

---

[1] The factual background related to the Western District of Texas suit is derived from that court's Docket Sheet, 5:14-cv-00017, as well as the exhibits in this record. The Texas record is designated as "*WDT*."

for "the limited judicial review permitted by the Federal Arbitration Act[.]" *WDT 34*; *R. 6-5*. The parties proceeded to arbitration before the AAA.

Plaintiffs requested the arbitration hearing be conducted in San Antonio, Texas, while DCDC requested that the arbitration be held in Lafayette, La. The AAA's initial finding was that venue in San Antonio was proper. *R. 22-1*. DCDC objected and all parties submitted briefing to the AAA arbitrator, Thomas J.Brewer, ("Arbitrator") on the issue of locale. *R. 22-1,22-2, 22-3*. On August 14, 2015, the Arbitrator issued a finding that venue was proper in San Antonio. *R. 22-2*. On the same date, the Arbitrator issued a Clause Construction Order concluding that the arbitration agreements contained in DCDC's Employment Agreements permit Gutierrez and Lynn, as class representatives, to proceed with an FLSA collective action. *R. 6-3, p. 15*.

DCDC filed this suit against Gutierrez and Lynn on September 14, 2015 in the Fifteenth Judicial Court, Lafayette Parish, Louisiana contending that the Arbitrator's Clause Construction Award should be vacated, modified and/or corrected at Defendants' costs. *R. 1*. Thereafter, Defendants filed a Joint Notice of Removal on October 15, 2015. On October 22, 2015, Defendants filed a Rule 12(b)(6) motion to dismiss DCDC's petition, which Judge Haik, the district judge at that time, denied. *R. 6, 16, 17*. Defendants' filed the motion at bar on January 26, 2016. *R. 22*. Oral argument on the motion was heard by the undersigned on March 16, 2016. *R. 30*.

## The Contentions Of The Parties

In their motion, Defendants assert that this Court lacks jurisdiction and the case should be transferred to the Western District of Texas, where the original suit was filed and arbitration was compelled and conducted. Specifically, they assert that the Western District of Texas retains jurisdiction over the arbitral review. *R. 26*. In the alternative, Defendants

argue the Western District of Texas is a more convenient forum and the transfer should be compelled under 28 U.S.C. § 1404. *Id.*

In opposition to the motion, DCDC first argues that by filing a prior motion to dismiss under Rule 12(b)(6), Defendants waived their claim at bar—that "venue is improper" under Rule 12(b)(3). DCDC also contends Defendants' claim that venue is inconvenient is incorrect because Defendants' employment applications were submitted to and accepted in DCDC's office in Lafayette and its managerial personnel and many putative plaintiffs reside near Lafayette. DCDC further argues that "the [arbitral] ruling which it seeks to vacate, modify or correct was a supposed interpretation of a Louisiana contract, supposedly made under Louisiana law."

*Applicable Law and Analysis*

Defendants contend that this Court lacks subject matter jurisdiction over this action brought by DCDC because the Western District of Texas heard the underlying action and compelled it to arbitration and then expressly retained jurisdiction to review arbitral decisions.[2] In essence, Defendants contend that the language of the FAA mandates exclusive jurisdiction in the Western District of Texas.

*1. Jurisdiction Under The Federal Arbitration Act*

Section 10 of the FAA addresses orders to vacate an arbitrator's award, as alleged in this case, and provides in pertinent part:

> In any of the following cases *the United States court in and for the district wherein the award was made* may make an order vacating the award upon application of any party to the arbitration....

---

[2] While DCDC contends that Defendants' waived their venue defense, the record provides that Defendants' jurisdiction claims are based in Rule 12(b)(1) rather than the venue provisions of Rule 12(b)(3). R. 22; 18, Aff. Def. ¶ 3–5.

9 U.S.C. § 10(a) (emphasis supplied). Similarly, section 9 of the FAA, dealing with actions to confirm and enforce arbitration awards provides in pertinent part:

> .... If no court is specified in the agreement of the parties [to arbitrate], then such application [to enter a judgment on the arbitration award] may be made to *the United States court in and for the district within which such award was made*.

9 U.S.C. § 9. These two sections are often referred to interchangeably as containing similar jurisdiction and venue provisions. *See Tesoro Petroleum Corp. v. Asamera (South Sumatra) Ltd.*, 798 F.Supp. 400, 402 (W.D.Tex.,1992).

The Fifth Circuit has held that once a court obtains jurisdiction in an action, that court retains the right to enter judgment on the arbitrator's award which was an outgrowth of the original action. *T & R Enterprises v. Continental Grain Co.*, 613 F.2d 1272, 1279 (5th Cir.1980). In *Tesoro Petroleum*, then District Judge Prado considered the effect of sections 9 and 10 of the FAA in an action to vacate an arbitration award, similar to this case. Observing that the Ninth Circuit interpreted these sections as jurisdictional limitations, holding that jurisdiction to confirm or vacate an arbitration award lies exclusively with the district court for the district wherein the award was made; the court acknowledged that the Second Circuit has held these sections to be permissive. *Id.* at 402 (citing *Central Valley Typographical Union, No. 46 v. McClatchy Newspapers*, 762 F.2d 741, 744 (9th Cir.1985); *United States ex rel. Chicago Bridge & Iron Co. v. ETS–Hokin Corp.*, 397 F.2d 935, 939 (9th Cir.1968); *Motion Picture Laboratory Technicians Local 780, I.A.T.S.E. v. McGregor & Werner, Inc.*, 804 F.2d 16, 18–19 (2d Cir.1986); *Smiga v. Dean Witter Reynolds, Inc.*, 766 F.2d 698 (2d Cir.1985)). While the court stated that the Fifth Circuit had not directly addressed the issue, it noted that the court in *Purdy v. Monex Int'l. Ltd*, 867 F.2d 1521, 1523 (5th Cir. 1989) had followed the rule, "if a court is originally seized with jurisdiction of a case

4.

and issues an order compelling arbitration, that court's jurisdiction continues with respect to subsequent motions to confirm or vacate." *Id.* at 403.

Judge Prado opined that the most thorough analysis of the issue was set out in *Enserch Int'l Exploration, Inc., v. Attock Oil Co.*, 656 F.Supp. 1162 (N.D.Tex.1987). In *Enserch*, the court looked to the "most persuasive evidence of congressional intent"—the wording of the statute. *Id.* at 1165 (citing *Sierra Club v. Train*, 557 F.2d 485, 489 (5th Cir.1977)). Just as in this case, the language at issue in *Tesoro Petroleum* was that of section 10 of the FAA: "In any of the following cases the United States court in and for the district wherein the award was made may make an order vacating the award...." Using a "straight-forward reading" of the provision, Judge Prado found that the permissive "may" does not refer to *which* court is authorized to vacate an arbitration award, but to the permissive nature of the relief that the district court is empowered to grant. *Id.* at 403–404. The court held that the statutory language as to *which* court may vacate an arbitration award was "clear and unambiguous"—"the only proper federal court in which an action to vacate an arbitration award may be filed is the court in and for the district wherein the award was made." *Id.* at 404.

Here, Defendants first filed suit against DCDC in the Western District of Texas ("WDTX"). DCDC compelled arbitration and the WDTX court dismissed the case but reserved jurisdiction to hear disputes after the arbitration proceeding was final. Rather than return to the WDTX court with its action to vacate the arbitrator's decision, DCDC filed suit in the Louisiana 15th Judicial District Court.[3] Based on the foregoing jurisprudence as well

---

[3] The Court further notes, "The Fifth Circuit adheres to the general rule that the court in which an action is first filed is the appropriate court to determine whether subsequently filed cases involving substantially similar issues should proceed." *Save Power Ltd. v. Syntek Fin. Corp.*, 121 F.3d 947, 950 (5th Cir.1997).

as the language of 9 U.S.C. § 10, the undersigned finds that this action to vacate the arbitration award must be filed in the WDTX.[4]

*Conclusion*

Because the Court has found that this suit may not properly be entertained by this Court under the FAA, Defendants' Motion to Transfer Venue To The Western District Of Texas [Rec. Doc. 22] is **GRANTED** and this case will be transferred to the Western District of Texas.

This Order shall be **STAYED** for fourteen days from the date of issuance. Any appeal to the District Judge must be filed within fourteen days from the date of this Order. If an appeal is taken to the District Judge, this Order shall remain stayed until the appeal is decided. If no timely appeal is filed, the clerk shall transfer the action forthwith.

THUS DONE AND SIGNED this 20th day of April, 2016, in Lafayette, Louisiana.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE

---

[4] The Court's determination that Defendants' Motion to Transfer should be granted pretermits any need to further consider Defendants' alternative argument under 28 U.S.C. § 1404(a).